UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JACQUAR STOKES,

        Petitioner,

   v.

STATE OF NEW JERSEY, et al.,

        Respondents.

Civil Action
No. 22-5029 (CPO)

**OPINION**

**O'HEARN, District Judge.**

    Petitioner is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

**I.    BACKGROUND & DISCUSSION**

    This case arises from Petitioner's parole proceedings. In his Petition,[1] Petitioner had alleged that he was unaware of why he was currently incarcerated. (*See* ECF No. 1, at 1–2.) As a result, the Court ordered Respondents to submit a limited answer which: "(1) identifies why Petitioner is currently incarcerated; (2) specifies the procedural history of his current incarceration; and (3) addresses whether Petitioner has exhausted his state court remedies in challenging his current incarceration." (ECF No. 5, at 1.)

    Among other things, Respondents advised that Petitioner is in state custody and is currently incarcerated because Petitioner violated his term of mandatory supervised parole. (ECF No. 11, at

---

[1] Petitioner had filed an earlier case before this Court. *Stokes v. Philadelphia*, Civ. No. 22-2976, ECF No. 41. In that case, Petitioner had challenged the warrants for his extradition to New Jersey, alleging that the State had fabricated documents to extradite him and that he believed that there were no charges against him. *Id.* at 3. This Court dismissed that petition as moot because once the extradition was completed, Petitioner was no longer detained pursuant to the warrants at issue. *Id.* at 5.

2; ECF No. 11-6, at 1.)  On July 2, 2021, a hearing officer conducted a hearing and recommended revocation of Petitioner's period of mandatory supervised parole. (*Id*.)  On August 3, 2021, a New Jersey State Parole Board panel reviewed the hearing officer's findings, revoked Petitioner's supervised parole, and ordered him to serve a fifteen-month term for violating his parole. (*Id*.)  In his Reply, Petitioner does not dispute this chain of events or that he is currently in state custody. (ECF No. 12.)

Petitioner filed the instant Petition under 28 U.S.C. § 2241, on August 11, 2022, alleging that he was incarcerated for unknown reasons. (ECF No. 1.)  Now, however, it is clear that Petitioner is a state prisoner, serving a term of imprisonment for violating his parole. (ECF No. 11, at 2; ECF No. 11-6, at 1.)  In *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001), the Third Circuit held that state prisoners cannot challenge a state parole board decision through a § 2241 petition. *E.g.*, *Nathaniel Parks v. New Jersey Dep't of Corr.*, No. 21-20362, 2022 WL 1058371, at *1 (D.N.J. Apr. 8, 2022); *Stokes v. N.J. Dep't of Corr.*, No. 21-18035, 2022 WL 464604, at *1 (D.N.J. Feb. 15, 2022); *Neri v. Mid State*, No. 13-4555, 2014 WL 575458, at *2 (D.N.J. Feb. 11, 2014); *see also Thomas v. Pennsylvania Parole Bd*., No. 21-1877, 2022 WL 1111344, at *2 (M.D. Pa. Feb. 24, 2022).

Instead, the Third Circuit held that prisoners must raise such challenges under the more specific provisions of 28 U.S.C. § 2254, which govern habeas challenges to state court judgments, including the revocation of parole. *See, e.g.*, *Coady*, 251 F.3d at 484–85; *Stokes v. N.J. Dep't of Corr.*, No. 21-18035, 2022 WL 464604, at *1 (D.N.J. Feb. 15, 2022) (addressing another of Petitioner's § 2241 petitions); *Neri*, 2014 WL 575458, at *2.  As a result, this Court lacks jurisdiction under § 2241 to consider Petitioner's challenges to the Parole Board's decision. Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

Finally, the Court declines to convert the instant § 2241 Petition to one under § 2254. Petitions under § 2254 have different filing requirements, and there are significant legal consequences to the filing of a petition under § 2254. *See Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). If Petitioner wishes to pursue his challenges to the Parole Board's decision, he may file a § 2254 petition under a new docket number.

## II.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: July 19, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**